**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DEQUESIA JONES** | **§** | |
| | **§** | **CIVIL ACTION NO.** 4:22-cv-895 |
| **VS.** | **§** | |
| | **§** | |
| **B&M MANAGEMENT** | **§** | |
| **COMPANY LLC** | **§** | |

**INDEX OF STATE COURT'S FILE**

1. Plaintiff's Original Petition

2. Defendant's Original Answer

2/9/2022 9:42 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61572821
By: Carolina Salgado
Filed: 2/9/2022 9:42 AM

2022-07901 / Court: 190

NO. ____________

| | | |
|---|---|---|
| DEQUESIA JONES | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| B & M MANAGEMENT COMPANY, L.L.C. | § | _______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURES**

TO THE HONORABLE COURT:

COMES NOW DEQUESIA JONES, Plaintiff, in the above entitled and numbered cause, complaining of and against B & M MANAGEMENT COMPANY, L.L.C., Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

## A. DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff, DEQUESIA JONES requests a Level 2 discovery control plan.

## B. PARTIES

2. DEQUESIA JONES is an individual residing in Harris County, Texas.

3. Defendant B & M MANAGEMENT COMPANY, L.L.C. is a Foreign Limited Liability Company (LLC) doing business in the State of Texas and may be served with service of process by serving its Registered Agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, wherever it may be found.

## C. JURISDICTION AND VENUE

4. Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 *et seq*. because all or a substantial part of the events or omissions giving rise to the claims arose in Harris County, Texas. This Court has jurisdiction over the parties and subject matter hereof.

## D. FACTS

5. At all times material hereto, Defendant was the owner, manager, operator and/or occupier of the premises in question, specifically the premises known as 7 Square Apartments, located at 7777 Katy Freeway, Houston, Harris County, Texas 77024. At all times material hereto, Defendant was in control of said premises.

6. Whenever it is alleged in this Petition that Defendant did or failed to do any act or thing, it is meant that such commission or omission was performed or omitted by any agent, servant, representative, employee and/or manager of Defendant, and that in each instance the agent, servant, representative, employee and/or manager was then acting for and on behalf of Defendant and within the course and scope of his/her employment or within the authority delegated to him/her by Defendant.

7. On or about February 20, 2021, while on Defendant's premises, 7 Square Apartments, located at 7777 Katy Freeway, Houston, Harris County, Texas, Plaintiff DEQUESIA JONES suffered serious and permanent bodily injuries as a direct result of an occurrence caused by Defendant's negligent activity and/or a dangerous condition on the Defendant's premises that Defendant and/or its respective agents, servants and employees knew, or in the exercise of ordinary care should have known existed. Specifically, Plaintiff slipped and fell on water in her apartment, leaking from pipes. The incident and Plaintiff's resulting injuries and damages were directly and proximately caused by Defendant's negligence and/or a defective condition on

Defendant's premises. At all times material hereto, Plaintiff was an invitee on Defendant's premises.

E. NEGLIGENCE/PREMISES LIABILITY.

8. The condition described above was negligently created and/or allowed to exist by Defendant, and Defendant negligently allowed it to persist without correcting it or adequately warning the public, including Plaintiff, of its presence. Defendant was negligent in one or more of the following particulars, each of which, separately and/or concurrently, was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages:

a. In negligently failing to provide Plaintiff a safe place to live;

b. In negligently permitting a dangerous condition to exist in the area of the premises where Plaintiff was living;

c. In negligently permitting a dangerous condition to exist in the area of the premises where Plaintiff was living for an unreasonable amount of time;

d. In failing to inspect the area of the premises where the incident occurred to ensure its safety to invitees, including Plaintiff;

e. In failing to perform adequate, regular and/or timely inspections of the area of the premises where the incident occurred to ensure its safety to invitees, including Plaintiff;

f. In failing to adequately maintain the premises in question in a reasonably safe condition;

g. In failing to adequately and timely remove or remedy the dangerous condition as described above;

h. In failing to properly supervise and train its employees with regard to proper inspection of the premises for the existence of dangerous conditions such as the one described above;

i. In failing to properly supervise and train its employees with regard to proper and timely removal of dangerous conditions, such as the one described above, existing on Defendant's premises;

j. In failing to follow Defendant's own policies with regard to inspection of the premises in question for dangerous conditions existing on Defendant's premises;

k. In failing to adequately warn Plaintiff of the unreasonably dangerous condition described above;

l. In failing to prevent the unreasonably dangerous condition described above from occurring or existing;

m. In permitting the unreasonably dangerous condition described above to exist when Defendant knew or should have known of its existence and that it posed an unreasonable risk of bodily harm; and

n. In failing to exercise reasonable care to reduce or eliminate the risk posed by the unreasonably dangerous condition described above.

9. Defendant had actual or constructive knowledge of the unreasonably dangerous condition described above and that it posed an unreasonable risk of bodily injury.

10. In the alternative, Defendant reasonably should have known of the existence of and dangers posed by the unreasonably dangerous condition described above.

11. Nothing Plaintiff did or failed to do caused or contributed to cause the incident in question or her resulting injuries and damages.

12. Defendant's negligence described above directly and proximately caused the incident in question and Plaintiff's resulting injuries and damages.

F.RESPONDEAT SUPERIOR

13 The person and/or persons who worked in the Defendant's premises were agents, servants and/or employees of Defendant and were acting within the course and scope of their employment and in furtherance of Defendant's business when Plaintiff was at 7 Square Apartments. As Such Defendant B & M MANAGEMENT COMPANY, L.L.C. is responsible for the conduct due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior.

G. NO CONTRIBUTION

14. Plaintiff, DEQUESIA JONES, would show that nothing she did, or failed to do, in any way contributed to this accident.

H.. DAMAGES

15. . Due to the occurrence made the basis of this suit and the negligence of Defendant as set forth above, the Plaintiff sustained significant physical and debilitating injuries. Said elements of damage which Plaintiff seeks to recover from the Defendant include compensation for the following:

a. The physical pain and disability sustained by Plaintiff from date of injury to the time of trial;

b. Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

c. Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

d. Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

e. Loss of earnings sustained by Plaintiff from date of injury to time of trial;

f. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

g. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

h. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiffs in the future for treatment of Plaintiff's injuries;

i. Past and future physical disfigurement; and

j. Past and future physical impairment.

16. As such, Plaintiff affirmatively pleads that she seeks monetary relief of $250,000.00 or less.

I. REQUEST FOR JURY TRIAL

17. Plaintiff requests a jury trial.

## J. PRE-EXISTING INJURY

18. In the alternative, Plaintiff, DEQUESIA JONES, would show that if any injury and/or condition from which she currently suffers was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendant herein.

## K. SUBSEQUENT INJURY

19. In the alternative, Plaintiff, DEQUESIA JONES, would show that if she suffers from any subsequent injury and/or condition then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## L. SPOLIATION

20. Defendant is hereby requested to retain any and all witness statements, incident reports, photographs, facsimiles, email, voice mail, text messages, and any electronic image or information related to the referred incident and all investigative materials associated with this claim, together with all surveillance tapes/video of the premises on the date of this incident. Plaintiff further requests Defendant provide a copy of the surveillance video.

## N. PRAYER

21. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from said Defendant, jointly and severely, seeks monetary relief of $250,000.00 or less, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

**NAVA LAW GROUP, P.C.**

/s/ Richard Jason Nava

**RICHARD JASON NAVA**
SBN: 24083552
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401
713/661-9900
713/666-5922 Facsimile
Email: eserviceRJN@navalawgroup.com

**ATTORNEY FOR PLAINTIFF**

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREE 'AY SUITE 307
DALLAS, TEXAS 75240

7021 1970 0000 8232 8479




CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701



**null / ALL**
**Transmittal Number: 24506321**
**Date Processed: 02/22/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Michelle B Powell Esq.<br>B & M Management Company, LLC<br>7020 Fain Park Dr<br>Ste 5<br>Montgomery, AL 36117-7813 |

| | |
|---|---|
| **Entity:** | B & M Management Company, LLC<br>Entity ID Number 2757359 |
| **Entity Served:** | B & M Management Company L L C |
| **Title of Action:** | Dequesia Jones vs. B & M Management Company L L C |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2022-07901 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/18/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Nava Law Group, P.C.<br>713-661-9900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Receipt Number: 922297
Tracking Number: 73970346

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202207901

| | |
|---|---|
| PLAINTIFF: JONES, DEQUESIA | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: B & M MANAGEMENT COMPANY L L C | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: B & M MANAGEMENT COMPANY L L C MAY BE SERVED BY SERVING ITS REGISTERED AGENT

CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701-3218

OR WHEREVER IT MAY BE FOUND

Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURES.

This instrument was filed on February 9, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this February 10, 2022.




Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CAROLINA SALGADO

Issued at request of:
Nava, Richard J.
4909 BISSONNET SUITE #100
BELLAIRE, TX 77401
713-661-9900

Bar Number: 24083552

Tracking Number: 73970346
EML

CAUSE NUMBER: 202207901

| | |
|---|---|
| PLAINTIFF: JONES, DEQUESIA | In the 190th |
| vs. | Judicial District Court |
| DEFENDANT: B & M MANAGEMENT COMPANY L L C | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at ________o'clock _____. M., on the ________ day of ____________________, 20______.
Executed at (address) ________________________________
in ______________ County
at _______ o'clock _____. M., on the ________ day of ____________________, 20 ______,
by delivering to ________________________________ defendant,
in person, a true copy of this
Citation together with the accompanying ______ copy(ies) of the ____________________ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this ________ day of ____________________, 20 ______.

FEE: $ ____________ ________________________________

______________ of ______________

County, Texas

________________________ By: ________________________
Affiant Deputy

On this day, ________________________________, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this ________ of ____________________, 20 ______

________________________________

3/11/2022 2:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62541537
By: Tammy Tolman
Filed: 3/11/2022 2:46 PM

Cause No. 2022-07901

| | | |
|---|---|---|
| DEQUESIA JONES | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| B&M MANAGEMENT | § | |
| COMPANY L.L.C. | § | 190th JUDICIAL DISTRICT |

**DEFENDANT'S ORIGINAL ANSWER TO**
**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, DEFENDANT, B&M MANAGEMENT COMPANY, LLC, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the following:

## I. GENERAL DENIAL

1. Defendant generally denies the allegations in Plaintiff's Original Petition, and requests that Plaintiff be required to prove them by a preponderance of the evidence in accordance with the laws of the State of Texas.

## II. OTHER DEFENSES

2. Pursuant to Rule 94 of the Texas Rule of Civil Procedure, Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to her injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of her own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Tex. Civ. Prac. & Rem. Code §33.003.

3. Defendant will further show that this action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of §§33.003 thereof that the trier of fact determine the relative responsibility of Plaintiff, and each and every responsible third-party that maybe joined in this suit.

Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Defendant, when compared with that of Plaintiff, and each and every responsible third party is greater than 50%.

4. Defendant will further show that Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating her damages.

5. Defendant will further show that Plaintiff's alleged damages were not proximately caused by any acts or omissions of Defendant.

6. Defendant will further show that in the unlikely event Plaintiff is adjudged to be entitled to any damages in this matter, which is denied, Plaintiff is not entitled to recover prejudgment interest on any future damages. Defendant would show that, as a matter of law, interest on damages yet to accrue is not compensatory and is, consequently, a penalty which would not be imposed even absent a finding of gross negligence, or rather, for a lesser level or degree of culpability for which a penalty is not authorized by law.

7. Defendant will further show that if prejudgment interest is recoverable in this case, it is limited in accordance with TEX.FIN.CODE ANN. §304.101 *et seq.*

8. Defendant will further show that if post-judgment interest is recoverable in this case, it is limited in accordance with TEX.FIN.CODE ANN. §304.003(c).

9. Defendant would further show that to the extent Plaintiff seeks recovery for medical bills, expenses and services that were incurred, but which were never charged to Plaintiff and, thus, were never paid or incurred by Plaintiff because it exceeded the amount authorized by Medicaid, private insurer or any other entity, Defendant asserts that Plaintiff is not entitled to recover these amounts per TEX. CIV. PRAC. & REM. CODE §41.0105.

10. Defendant will further show that to the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries made the basis of this suit, in the unlikely event that Plaintiff obtains a final judgment against Defendant, they would respectfully show that they are entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code §41.0105.

11. Defendant will further show that to extent Plaintiff is asserting a recovery of lost earning capacity, loss of contribution of pecuniary value or loss of inheritance, the limitations of Section 18.091 of the Texas Civil Practice and Remedies Code apply.

12. Defendant will further show that it is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

13. Defendant will further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result in whole or in part of pre-existing conditions, injuries, diseases, and disabilities or subsequent conditions, injuries, diseases or disabilities of Plaintiff and are not the result of any act or omission on the part of Defendant.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, B&M Management Company, LLC, prays that Plaintiff, DEQUESIA JONES, take nothing by way of this suit; that Judgment be entered for Defendant; and that Defendant have any other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Laura De Santos*
Laura E. De Santos
State Bar No. 00793612
ldesantos@grsm.com
Hee Jin Chang
State Bar No. 24095935
hchang@grsm.com
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March, 2022, a true and correct copy of the foregoing instrument has been electronically served on all parties and/or their counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

*/s/ Laura E. De Santos*
LAURA E. DE SANTOS

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Xitlali Salinas on behalf of Laura De Santos
Bar No. 00793612
xsalinas@grsm.com
Envelope ID: 62541537
Status as of 3/11/2022 2:56 PM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Richard Nava | | eservicerjn@navalawgroup.com | 3/11/2022 2:46:46 PM | SENT |
| Laura E.De Santos | | ldesantos@grsm.com | 3/11/2022 2:46:46 PM | SENT |
| Hee JinChang | | hchang@grsm.com | 3/11/2022 2:46:46 PM | SENT |